James W. Colborn
NEAL COLBORN PLLC
Mountain View Professional Building
2309 N. Mountain View Dr., Ste. 160
P.O. Box 1926
Boise, Idaho 83701
Telephone: (208) 343-5931
Facsimile: (208) 343-5807
[ISB# 6494]
Attorney for the Plaintiff

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BERNARD L. MORGAN and MARILYN L. MORGAN, husband and wife, | Case No. |
| Plaintiffs, | **VERIFIED COMPLAINT** |
| v. | |
| FAIRWAY NINE II CONDOMINIUM ASSOCIATION, INC., an Idaho corporation; PIONEERWEST PROPERTY MANAGEMENT LLC, an Idaho limited liability company; and DOES 1-10, | |
| Defendants. | |

COME NOW THE PLAINTIFFS, BERNARD L. MORGAN and MARILYN L. MORGAN, by and through their attorneys, James W. Colborn and NEAL COLBORN PLLC, and complain and allege as follows:

NATURE OF THE ACTION

1. This is an action brought by the above Plaintiffs for declaratory judgment, permanent injunctive relief and damages on the following bases:

   a.  Federal Fair Housing Amendments Act of 1988, 42 U.S.C. §3601 et seq. (hereinafter

**VERIFIED COMPLAINT - 1**

"FHA"), and in particular:

        i.      42 U.S.C. §3604(f)(3)(A) of the FHA;

        ii.     42 U.S.C. §3604(f)(3)(A) of the FHA;

        iii.    42 U.S.C. §3617 of the FHA.

b.    Fair Housing Regulations, 24 C.F.R. §100 et seq.

c.    Negligence.

## JURISDICTION AND VENUE

2.    This Court has jurisdiction over this action pursuant to 28 U.S.C. 1331 and 42 U.S.C. 3613. Venue is proper in the Court pursuant to 28 U.S.C. §1391(b) because the Defendants are corporations organized under the laws of, and doing business in, the state of Idaho and the events giving rise to this action occurred in Idaho.

## PARTIES

3.    The Plaintiffs are the owners and residents of a condominium located in Fairway 9 Condominiums, Phase IV, Sun Valley, Blaine County, Idaho.

4.    Defendant Fairway Nine II Condominium Association, Inc. is a homeowners' association incorporated under the laws of, and doing business in, the state of Idaho.

5.    Defendant PioneerWest Property Management LLC is a limited liability company organized under the laws of, and doing business in, the state of Idaho. Its principal place of business is located in Blaine County, Idaho.

6.    The identities of the Defendants DOES 1-10 are unknown at this time and may be individuals who are agents, employees, members, servants, successors in interest or assigns of the named Defendants herein. Plaintiffs allege that each of the Defendants designated as Defendants DOES

**VERIFIED COMPLAINT - 2**

1-10 are in some way responsible for the damages alleged herein and, further, that the acts and/or omissions of said names Defendants may be attributed to Defendants DOES 1-10 and vice versa. Plaintiffs request leave of court to amend this Complaint to name DOES 1-10 when their identities become known.

## GENERAL ALLEGATIONS

7. The Plaintiffs realleges each and every allegation contained in paragraphs 1 through 6 as if fully set forth herein.

8. Defendant Fairway Nine II Condominium Association, Inc. (the "Association") is an Idaho non-profit corporation incorporated March 2, 1992, as the successor to Fairway 9 Condominiums Phase IV Association, Inc., an Idaho non-profit corporation formed on October 27, 1981. The Association is the owners' association for Fairway 9 Condominiums, Phase IV, a subdivision which contains 28 residences and contains the residence owned by Plaintiffs known as 4408 Fairway Nine II (the "Subject Property"), the real property that is the subject of this proceeding. The Association is responsible for contracting with an association manager and for enforcing the Declaration of Covenants, Conditions & Restrictions for Fairway 9 Condominiums, Phase IV. The Subject Property is a "dwelling", as that term is defined at 42 U.S.C. §3602(b) and is therefore subject to the requirements of the FHA.

9. The Condominium Declaration for Fairway 9 Condominiums, Phase IV was originally executed and recorded as Instrument No. 301343 in the records of Blaine County, Idaho; this document, and as subsequently amended (collectively, the "Declaration"), contains the Covenants, Conditions & Restrictions applicable to residences within Fairway Nine II in general and the Subject Property in particular. The Declaration, along with the Articles of Incorporation of Fairway Nine II

VERIFIED COMPLAINT - 3

Condominium Association, Inc. (hereinafter, the "Articles") and the Bylaws of Fairway Nine II Condominium Association, Inc. (hereinafter, the "Bylaws") and the laws of the state of Idaho govern the affairs of the Association.

10. On August 30, 1991, Plaintiffs purchased the Subject Property.

11. Subsequent to the purchase of the Subject Property, Plaintiffs suffered medical issues which have caused disabilities.

12. Plaintiffs' disabilities make it necessary that they have cool, filtered air in a climate controlled environment i.e. air-conditioning in their condominium in order to have full enjoyment and use of their condominium.

13. On or about August 19, 2013, Plaintiffs requested from the Association, by and through its Board of Directors, that they be allowed to install a refrigerated air-conditioning unit to provide the Subject Property with the cool, filtered air in a climate controlled environment required as a result of their disabilities. Plaintiffs, who are grandparents, also advised the Board that a further concern and need for such a refrigerated air-conditioning unit was the respiratory disabilities of several of their grandchildren who would otherwise be unable to safely come to vacation with Plaintiffs at the Subject Property.

14. Pursuant to the Declaration, outside installations, including refrigerated air conditioning units, require the permission of the Board of Directors of the Association (hereinafter, the "Board"). However, at least one refrigerated air conditioning unit was allowed to exist by the Board in order to service the unit of an owner with a disability. This unit, believed to have been installed by the original developer, remained for over twenty years until it was removed by the owner of the unit it served in Summer of 2013. Upon information and belief, no action was taken by the Board - including but not

VERIFIED COMPLAINT - 4

limited to the imposition of fines - was ever taken by the Board to cause the recent removal by the owners' of said unit.

15. The Board has also previously permitted installation of water-cooled air conditioning units in the common area crawl spaces underneath individual condominium units. However, as of June 16, 2013, the Sun Valley Water and Sewer District (hereinafter, the "Sewer District") imposed a six month moratorium on the installation of water-cooled air conditioners within its jurisdiction. Fairway Nine Condominiums, Phase IV are located within its jurisdiction. As a result, since June 16, 2013, the only air-conditioning option available to owners within the Association is installation of a refrigerated air-conditioning unit. In July, 2013, the Board notified all owners in the Association via letter that it would not be entertaining any air-conditioning requests during the Sewer District's moratorium.

16. Throughout August, 2013, Plaintiffs made repeated inquiries to the Association requesting that the Board approve their request to allow installation of a refrigerated air-conditioning unit at the Subject Property, however, these requests were ignored.

17. During the summer of 2013, there was record breaking heat and continual smoke from numerous forest fires in the Sun Valley area, exacerbating the conditions for which Plaintiffs' had made their request for the Board to allow installation of a refrigerated air-conditioning unit at the Subject Property, further reducing the ability of Plaintiffs to enjoy the Subject Property and/or for the Plaintiffs' grandchildren with disabilities from visiting them at the Subject Property.

18. As a result of the Board's complete refusal to address their issues and requests, on August 21, 2013, Plaintiffs had a refrigerated air-conditioning unit installed to provide them with the cool, dry air in a controlled environment that they required as a result of their disabilities.

19. On August 21, 2013, the Association, by and through its chosen management company,

**VERIFIED COMPLAINT - 5**

PioneerWest Property Management LLC (hereinafter, the "Association Manager"), notified Plaintiffs by letter that they were in willful violation of the Declaration as they had not obtained Board approval for the refrigerated air-conditioning unit, that they were being fined, and that an injunction would be filed to remove the refrigerated air-conditioning unit if it were not removed within three days.

20. On August 28, 2013, the Board falsely stated to all owners in the Association via letter that the Plaintiffs had "installed their air conditioner without notice or application to Fairway Nine II...." The Board further falsely stated that "[a]t no point has there been a request from the Morgans to meet with the Board." The Board advised in its letter that it had fined the Plaintiffs $250 for the violation and was continuing to impose fines of $100/day on the Plaintiffs "until the situation is resolved."

21. On September 3, 2013, an appeal hearing of the Board's decision to impose fines on the Plaintiffs for installation of the refrigerated air-conditioning unit was held. Via letter dated September 6, 2013, the Board unanimously denied the Plaintiffs' appeal, with the caveat that the fines would be suspended from September 3, 2013 if the refrigerated air-conditioning unit was removed by the time the Plaintiffs left for the summer season or October 1, 2013, whichever came first. If the refrigerated air-conditioning unit was not removed by that date, the fines accrued during the suspension would be retroactively reinstated. In its September 6, 2013 letter, the Board acknowledged that "[w]e understand your issues," but took no steps to address Plaintiffs' reasonable modification request.

22. On September 8, 2013, Plaintiffs notified the Board that since the critical problems that exacerbated their disabilities had mostly dissipated until Spring, that Plaintiffs would remove the refrigerated air-conditioning unit by October 1, 2013 if all fees, fines and the like which had been levied against them as a result of its installation were removed.

23. On September 12, 2013, the Board, by and through the Association Manager, rejected

**VERIFIED COMPLAINT - 6**

Plaintiffs' request to install an air cooled (refrigerated) air conditioner on the grounds that the Sewer District had imposed a moratorium on the installation of water cooled air conditioners, that water cooled air conditioners were the only type of air conditioner approved for installation within Fairway 9 Condominiums, Phase IV, and that all requests for air conditioners would be delayed until after the moratorium process on water cooled air conditioner installation was concluded.

24. On September 16, 2013, the Board, by and through its Association Manager, rejected the Plaintiffs offer made in their September 8, 2013 letter. Instead, the Board offered to rescind the incurred fines if the Plaintiffs paid $3,000 in alleged out-of-pocket legal and administrative expenses, removed all components of the refrigerated air-conditioning unit (including compressor, concrete pad and cooling pipes, all external electrical components) and restored the landscaping to previous condition by October 1, 2013. Further, the Board would require that the Plaintiffs sign a hold harmless agreement agreeing to hold the Association and Board harmless in this situation, and to adhere to HOA rules and Board decisions as they relate to air conditioning systems and installation. The Board did note, however, that "[o]ur board continues to be sensitive to your needs," yet took no steps to address Plaintiffs' reasonable modification request.

25. On October 4, 2013 Plaintiffs, by letter from their counsel to the Board, reiterated their request for a reasonable modification to allow the refrigerated air conditioning unit at the Subject Premises. Plaintiffs further requested that a reasonable accommodation be granted removing and permanently suspending fines from being imposed on them by the Board related to the refrigerated air conditioning unit. This request was not granted or responded to by the Board of Directors.

26. On October 16, 2013, the Plaintiffs again requested that the Board grant their reasonable modification request allowing the refrigerated air conditioning unit for their condominium.

**VERIFIED COMPLAINT - 7**

This request was not responded to by the Board.

27.     On October 25, 2013, the Board, by letter sent from its Association Manager, requested that the Plaintiffs remove the refrigerated air conditioning unit and advised that it would pass through to Plaintiffs fines levied from the Master Association to the Association starting November 15, 2013 if the air conditioning unit was not removed.

28.     To date, the Board has failed and/or refused to grant or even address Plaintiffs' reasonable modification and/or reasonable accommodation requests, either directly or through its Association Manager.

## FIRST CAUSE OF ACTION

*Violation of 42 U.S.C. §3604(f)(3)(A) of the Fair Housing Act*

29.     Plaintiffs reallege each and every allegation contained in paragraphs 1 through 28 as if fully set forth herein.

30.     In violation of 42 U.S.C. §3604(f)(3)(A) of the FHA, Defendants have refused to permit a reasonable modification of the Subject Property by the Plaintiffs by refusing to approve the installation of a refrigerated air conditioning unit to service the Subject Property and by insisting that Plaintiffs remove the refrigerated air conditioning unit which they installed or face heavy, daily fines to be imposed by the Board.

## SECOND CAUSE OF ACTION

*Violation of 42 U.S.C. §3604(f)(3)(A) of the Fair Housing Act*

31.     Plaintiffs reallege each and every allegation contained in paragraphs 1 through 30 as if fully set forth herein.

32.     In violation of 42 U.S.C. §3604(f)(3)(A) of the FHA, Defendants have failed to make

**VERIFIED COMPLAINT - 8**

reasonable accommodations for the Plaintiffs by refusing to allow Plaintiffs' installation of a refrigerated air conditioning unit and by refusing to waive fines for violation of the Declaration related to Plaintiffs' installation of their refrigerated air conditioning unit.

## THIRD CAUSE OF ACTION

*Violation of 42 U.S.C. §3617 of the Fair Housing Act*

33. Plaintiffs reallege each and every allegation contained in paragraphs 1 through 32 as if fully set forth herein.

34. In violation of 42 U.S.C. §3617, Defendants have interfered with Plaintiffs exercise or enjoyment of their rights under 42 U.S.C. §3604.

## FOURTH CAUSE OF ACTION

*Negligence*

35. Plaintiffs reallege each and every allegation contained in paragraphs 1 through 34 as if fully set forth herein.

36. Defendants owed a duty of care to use reasonable care to avoid injury and to prevent unreasonable, forseeable risks of harm to Plaintiffs.

37. It could have been reasonably anticipated or foreseen by the Defendants that their failure to use reasonable care might result in injury to the Plaintiffs.

38. Defendants were negligent in that they failed to use reasonable care to avoid injury and to prevent unreasonable, forseeable risks of harm to Plaintiffs by failing to obtain adequate training with regards to the FHA as well as its implementing regulations provided at 24 C.F.R. §100 et seq and by failing to adequately train and supervise Defendants' agents and/or employees with regards to the FHA as well as its implementing regulations provided at 24 C.F.R. §100 et seq.

**VERIFIED COMPLAINT - 9**

## DAMAGES

39. Plaintiffs reallege each and every allegation contained in paragraphs 1 through 38 as if fully set forth herein.

40. As a result of the actions and conduct of Defendants, as described above, Plaintiffs have suffered damages in an amount to be proven at trial.

41. The Court should award to Plaintiffs and against Defendants punitive damages due to the intentional and willful nature of the Defendants' conduct in an amount to be determined at trial.

42. The Court should enjoin Defendants, their officers, employees, agents, successors and all other persons in active concert or participation with said Defendants, generally, from failing and/or refusing to comply with all requirements of the FHA and its implementing regulations and, specifically, from prohibiting and/or seeking removal of Plaintiffs' refrigerated air conditioning unit as well as imposing fines, costs, assessments and/or charges on Plaintiffs' related to said refrigerated air conditioning unit.

43. The Court should award Plaintiffs declaratory relief in the form of an order both permitting Plaintiffs' refrigerated air conditioning unit to remain as a reasonable modification of the Subject Property, prohibiting the Board from harassing and/or intimidating Plaintiffs regarding the Plaintiffs' refrigerated air-conditioning unit and requiring that all fines, fees, charges and/or assessments levied against the Plaintiffs' related to the presence of the refrigerated air conditioning unit be rescinded and prohibiting the further imposition of such fines, fees, charges and/or assessments levied against the Plaintiffs' related to the presence of the refrigerated air conditioning unit as a reasonable accommodation;

44. The Court should award to Plaintiffs and against Defendants reasonable attorney fees

and costs incurred in this action, as provided by the Declaration, statute and court rule.

45.     Defendants should be held jointly and severally liable for any and all damages, including an award of attorney fees and costs, awarded in this proceeding.

## PRAYER FOR RELIEF

Wherefore Plaintiffs Bernard L. Morgan and Marilyn L. Morgan pray that the Court enter Judgment against the Defendants as follows:

A.      That the Court find and declare that the actions of the Defendants constitute violations of the Fair Housing Act;

B.      That the Court award to the Plaintiffs and against the Defendants compensatory damages in the amount to be determined at trial;

C.      That the Court award to the Plaintiffs and against the Defendants punitive damages due to the reckless or callous nature of the Defendants' conduct in an amount to be determined at trial;

D.      That the Court enjoin Defendants, their officers, employees, agents, successors and all other persons in active concert or participation with said Defendants, generally, from failing and/or refusing to comply with all requirements of the FHA and its implementing regulations and, specifically, from harassing and/or intimidating Plaintiffs regarding the Plaintiffs' refrigerated air-conditioning unit and from prohibiting and/or seeking removal of Plaintiffs' refrigerated air conditioning unit as well as imposing fines, costs, assessments and/or charges on Plaintiffs' related to said refrigerated air conditioning unit;

E.      That the Court grant Plaintiffs declaratory relief in the form of an order both permitting Plaintiffs' refrigerated air conditioning unit to remain as a reasonable modification of the Subject Property and requiring that all fines, fees, charges and/or assessments levied against the Plaintiffs'

**VERIFIED COMPLAINT - 11**

related to the presence of the refrigerated air conditioning unit be rescinded and prohibiting the further imposition of such fines, fees, charges and/or assessments levied against the Plaintiffs' related to the presence of the refrigerated air conditioning unit as a reasonable accommodation;

    F.    That the Court award to the Plaintiffs and against the Defendants reasonable attorney fees and costs incurred in this action;

    G.    That the Defendants be held jointly and severally liable for any and all damages, including an award of attorney fees and costs, awarded in this proceeding; and

    H.    That the Court order any further and additional relief as the interests of justice may require.

DATED this ___7___ day of __November__ 2013.

                      NEAL COLBORN PLLC

                      By: _____
                            James W. Colborn
                            Attorney for Plaintiff

**VERIFIED COMPLAINT - 12**

## VERIFICATION

STATE OF __KANSAS__ )
: ss
COUNTY OF __JOHNSON__ )

ON THIS __5__ day of November, 2013, before me, a Notary Public for the State of __KANSAS__, personally appeared Bernard L. Morgan, known or identified to me, who being by me first duly sworn, declared that he is one of the Plaintiffs in the above matter, that he has read the Complaint, that he signed the foregoing instrument and that the statements therein contained are true.

_Bernard L. Morgan_
BERNARD L. MORGAN

SUBSCRIBED AND SWORN to before me this __5__ day of November 2013.

[Notary seal: JACOB GRZENDA, NOTARY PUBLIC, STATE OF KANSAS, My Appt. Exp. 04·04·16]

_Jacob Grzenda_
Notary Public for the State of __KANSAS__
Residing at __PRAIRIE VILLAGE, KANSAS__
My Commission Expires __04-04-2016__

## VERIFICATION

STATE OF __KANSAS__ )
: ss
COUNTY OF __JOHNSON__ )

ON THIS __5__ day of November, 2013, before me, a Notary Public for the State of __KANSAS__, personally appeared Marilyn L. Morgan, known or identified to me, who being by me first duly sworn, declared that she is one of the Plaintiffs in the above matter, that she has read the Complaint, that she signed the foregoing instrument and that the statements therein contained are true.

_Marilyn L. Morgan_
MARILYN L. MORGAN

SUBSCRIBED AND SWORN to before me this __5__ day of November 2013.

[Notary seal: JACOB GRZENDA, NOTARY PUBLIC, STATE OF KANSAS, My Appt. Exp. 04·04·16]

_Jacob Grzenda_
Notary Public for the State of __KANSAS__
Residing at __PRAIRIE VILLAGE, KANSAS__
My Commission Expires __04·04-2016__

**VERIFIED COMPLAINT - 13**