UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO

| | |
|---|---|
| BERNARD L. MORGAN and MARILYN L. MORGAN, husband and wife,<br><br>    Plaintiff,<br><br>vs.<br><br>FAIRWAY NINE II CONDOMINIUM ASSOCIATION, INC., an Idaho corporation; PIONEERWEST PROPERTY MANAGEMENT LLC, an Idaho limited liability company; and DOES 1-10,<br><br>    Defendants. | Case No.: 1:13-cv-00481-EJL-REB<br><br>**REPORT AND RECOMMENDATION RE: PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**<br><br>**(Docket No. 20)** |

Now before the Court is Plaintiffs' Motion for Preliminary Injunction (Docket No. 20). Having carefully considered the record, participated in oral argument, and otherwise being fully advised, the Court enters the following Report and Recommendation:[1]

## DISCUSSION

Claiming that they suffer from unspecified disabilities that make it necessary to have cool, filtered air in a climate-controlled environment, Plaintiffs installed an air conditioning unit to regulate the temperature within their condominium. Doing so, however, violated the relevant homeowner's association's covenants, conditions, and restrictions ("CCRs") which provided that "[n]o . . . installation of air conditioning or other machines shall be installed on the exterior of

---

[1] At the close of oral argument, the undersigned issued an oral ruling "from the bench." Consistent with 28 U.S.C. §§ 636(b)(1)(A-B), this Report and Recommendation memorializes that oral ruling.

**REPORT AND RECOMMENDATION - 1**

the building or be allowed to protrude through the walls, the windows, or the roof of the building, unless the prior written approval of the Board of Directors is secured." According to Plaintiffs, they were left with no choice but to install the air conditioning unit after Defendants allegedly refused to consider Plaintiffs' repeated requests to address their medical issues and needs. Defendants dispute that Plaintiffs' requests were not considered, and dispute Plaintiffs' position that their disabilities, even if accepted to exist, required the installation of an air conditioning unit of the sort selected by Plaintiffs. Regardless, due to the air conditioner's installation, Defendants assessed fines to Plaintiffs for violating the CCRs and, to that end, Defendants recorded a lien upon the condominium. So, while this action generally raises claims premised upon the Fair Housing Act, Plaintiffs seek the at-issue Motion for Preliminary Injunction to prevent Defendants from selling/foreclosing on the Plaintiffs' condominium.

A preliminary injunction is an extraordinary form of relief that is designed to preserve the status quo during litigation. *See Winter v. Natural Res. Defense Council*, 555 U.S. 7, 22 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id*. at 20. As already stated following oral argument, a preliminary injunction is not warranted here.

First, Plaintiffs contend that the state statute governing the sale of the liened property (Idaho Code § 55-1518) has a latent ambiguity that puts them at risk of an "ambush" (the Court's term, not Plaintiffs') foreclosure proceeding, such that they could not protect themselves quickly enough to prevent any conveyance or, for that matter, even be aware that it had occurred. The undersigned is not convinced that Defendants are (or could be) in a position to convey title to

**REPORT AND RECOMMENDATION - 2**

Plaintiffs' condominium without the sort of process that typically accompanies lien enforcement/foreclosure-type scenarios. The Plaintiffs' argument that a possible ambiguity in Idaho law puts them at risk for some sort of unforeseen (and perhaps even unseen) transfer of their property ownership is far too speculative and remote of possibility to meet their burden to justify the extraordinary relief of a preliminary injunction.

Second, because any lien foreclosure proceeding is necessarily tied to the lien that is represented by Plaintiffs' alleged failure to account for the accumulated fines associated with installing an air conditioning unit in violation of the CCRs, it cannot be said that Plaintiffs' are likely to suffer irreparable harm in the absence of injunctive relief. In other words, without any showing that Plaintiffs cannot pay the fines involved (and, therefore, remove any basis to foreclose upon their property), the relief sought via Plaintiffs' Motion for Preliminary Injunction can be nullified by monetary payments and, thus, their alleged harm is not actually irreparable.[2] Further, during oral argument, counsel for both parties agreed that the fines had been withdrawn, and that there was no longer any basis to support the lien which had been filed on the back of such fines, thus even further eliminating any basis to seek a preliminary injunction.

Finally, the record is too scant on the issue of whether Defendants refused to make reasonable accommodations under the Fair Housing Act. Right now, for every strident representation from Plaintiffs concerning the events leading up to the filing of this case, Defendants offer an equally emphatic retort that attempts to explain away Plaintiffs' allegations

---

[2] The Court is not implying here that Plaintiffs are, in fact, responsible for the fines levied to date, only that the potential harm alleged in Plaintiffs' Motion for Preliminary Injunction can be redressed by monetary relief. *See California Pharmacists Ass'n v. Maxwell-Jolly*, 563 F.3d 847, 852 (9th Cir. 2009) ("[T]ypically, monetary harm does not constitute irreparable harm.").

**REPORT AND RECOMMENDATION - 3**

and set the record straight. As such, the actual circumstances painting the picture that is this case are far from clear. As result, it cannot be said that Plaintiffs are likely to succeed on the merits.

Combined, these reasons reflect a situation that does not justify the issuance of a preliminary injunction as sought by Plaintiffs.

## RECOMMENDATION

For the foregoing reasons, IT IS HEREBY RECOMMENDED that Plaintiffs' Motion for Preliminary Injunction be DENIED.

Pursuant to District of Idaho Local civil Rule 72.1(b)(2), a party objecting to a Magistrate Judge's recommended disposition "must serve and file specific, written objections, not to exceed twenty pages . . . within fourteen (14) days . . ., unless the magistrate or district judge sets a different time period." Additionally, the other party "may serve and file a response, not to exceed ten pages, to another party's objections within fourteen (14) days after being served a copy thereof."

DATED: **May 14, 2014**

Honorable Ronald E. Bush
U. S. Magistrate Judge