UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BERNARD L. MORGAN and MARILYN L. MORGAN, husband and wife,<br><br>                Plaintiffs,<br><br>    v.<br><br>FAIRWAY NINE II CONDOMINIUM ASSOCIATION, INC., an Idaho corporation; PIONEERWEST PROPERTY MANAGEMENT LLC., an Idaho limited liability company; and Does 1 - 10,<br><br>                Defendants. | Case No. 1:13-CV-00481-EJL<br><br>**ORDER ON REPORT AND RECOMMENDATION** |

## INTRODUCTION

On February 11, 2015, United States Magistrate Judge Ronald E. Bush issued a Report and Recommendation ("Report"), recommending that Defendants' Motion for Summary Judgment, Plaintiffs' Motion for Partial Summary Judgment, and Plaintiffs' Motion to Dismiss and/or Strike Defendants' Counterclaim all be denied. (Dkt. 83.) Any party may challenge a magistrate judge's proposed recommendation by filing written objections to the Report within fourteen days after being served with a copy of the same. *See* 28 U.S.C. § 636(b)(1); Local Civil Rule 72.1(b). The district court must then "make a de

novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* The district court may accept, reject, or modify in whole or in part, the findings and recommendations made by the magistrate judge. *Id.*; *see also* Fed. R. Civ. P. 72(b). The Plaintiffs filed objections to the Report. (Dkt. 86.) The matter is now ripe for the Court's consideration. *See* Local Civil Rule 72.1(b)(2); 28 U.S.C. § 636(b)(1)(B).

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." Where the parties object to a report and recommendation, this Court "shall make a de novo determination of those portions of the report which objection is made." *Id.* Where, however, no objections are filed the district court need not conduct a *de novo* review. In *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003), the court interpreted the requirements of 28 U.S.C. § 636(b)(1)(C):

> The statute [28 U.S.C. § 636(b)(1)(C)] makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise. As the *Peretz* Court instructed, "to the extent de novo review is required to satisfy Article III concerns, it need not be exercised unless requested by the parties." *Peretz*, 501 U.S. at 939 (internal citation omitted). Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct. *See Ciapponi*, 77 F.3d at 1251 ("Absent an objection or request for review by the defendant, the district court was not required to engage in any more formal review of the plea proceeding."); *see also Peretz*, 501 U.S. at 937-39 (clarifying that de novo review not required for Article III purposes unless requested by the parties) . . . .

**ORDER ON REPORT AND RECOMMENDATION- 2**

*See also Wang v. Masaitis*, 416 F.3d 993, 1000 & n.13 (9th Cir. 2005). Furthermore, to the extent that no objections are made, arguments to the contrary are waived. *See* Fed. R. Civ. P. 72; 28 U.S.C. § 636(b)(1) (objections are waived if they are not filed within fourteen days of service of the Report and Recommendation). "When no timely objection is filed, the Court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Advisory Committee Notes to Fed. R. Civ. P. 72 (citing *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir.1974)).

The Court has reviewed the entire Report as well as the record in this matter for clear error on the face of the record and none has been found. The Court has also conducted a *de novo* review of those portions of the Report to which the Plaintiffs have objected and finds as follows.

## DISCUSSION

The full procedural background and facts of this case are properly articulated in the Report and the Court incorporates the same in this Order. (Dkt. 83.) In short, the Amended Complaint states claims alleging the Defendants violated the Fair Housing Amendments Act of 1988 ("FHA"), 42 U.S.C. § 3601 *et seq.*, Fair Housing Regulations, 24 C.F.R. § 100 *et seq.*, Negligence, Breach of the Covenant of Good Faith and Fair Dealing, and Intentional Infliction of Emotional Distress. (Dkt. 40.) Plaintiffs' claims arise from allegations that the Defendants denied the Plaintiffs' request to install a refrigerated air conditioning unit at the condominium residence they own which is located in the Fairway Nine II condominiums, Phase IV, Sun Valley, Idaho. Plaintiffs claim the air conditioning unit is necessary because

**ORDER ON REPORT AND RECOMMENDATION- 3**

they, as well as several of their grandchildren, suffer medical issues which have caused disabilities making it necessary that they have cool, filtered air in a climate controlled environment. (Dkt. 40 at ¶ 17-18.) Defendants have filed a separate Verified Counterclaim seeking a declaration that Plaintiffs are in violation of the Covenants, Conditions, and Restrictions of the property ("CCRs"). (Dkt. 39.) The parties filed Cross-Motions for Summary Judgment and Plaintiffs filed a Motion to Dismiss and/or Strike the Counterclaim. The Report recommends denying each of the Motions. Plaintiffs objections assert 1) the Report improperly recited the "reasonable and necessary" standard applicable under the Fair Housing Act and 2) the Report erred in its conclusions regarding availability of alternative remedies. (Dkt. 86.)

**1)      Reasonable and Necessary Accommodation**

The Report recommends denying Plaintiffs' Motion for Partial Summary Judgment because questions of fact exist as to whether refrigerated air conditioning is either a necessary or reasonable accommodation under the circumstances presented by those disabilities. (Dkt. 83 at 32-33.)[1] Plaintiffs object arguing the Report misconstrues the "reasonable and necessary" standard applicable to their accommodation request made under the FHA. (Dkt. 86 at 2.)

Plaintiffs contend the Report improperly applied the case of *Prindable v. Association of Apt. Owners of 2987 Kalakaua*, 304 F.Supp.2d 1245 (D. Hawai'i 2003) by imposing a

---

[1] The Report also denies Plaintiffs' Motion for Partial Summary Judgment because genuine issues of fact exist as to whether Plaintiffs are handicapped under the FHA. (Dkt. 83 at 32.) Plaintiffs have not objected to this conclusion.

**ORDER ON REPORT AND RECOMMENDATION- 4**

higher burden of proof on, and/or improperly shifting the burden to, Plaintiffs' to show that the requested accommodation – refrigerated air conditioning – not only provides the necessary relief but also that no other accommodation can provide the same relief. (Dkt. 86 at 2-4.) The correct standard, Plaintiffs argue, requires only a showing that the accommodation can provide the requested relief; i.e., the proper analysis is to review what the requested accommodation provides rather than if other accommodations are also suitable. (Dkt. 86 at 3.) "All that is needed to show that a requested accommodation is reasonable is that a nexus exists between the requested accommodations and the disability." (Dkt. 86 at 4.) Plaintiffs argue they have met the standard here because the refrigerated air conditioning accommodation requested in this case provides the requested accommodation of cool, filtered air.

The FHA makes it unlawful "[t]o discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of a handicap of [that person]." 42 U.S.C. § 3604(f)(2)(A). The Report correctly identifies the elements of the *prima facie* case for a FHA accommodation claim. (Dkt. 83 at 6.) As relevant to this objection, the elements require the Plaintiffs to prove the accommodation of their handicap is necessary and reasonable. (Dkt. 83 at 6.) The arguments in Plaintiffs' objections treat the necessary and reasonable elements as one standard while the Report considered each separately. Because the two are separate elements of the *prima facie* case, this Court too will consider Plaintiffs' objections as to each element separately.

**ORDER ON REPORT AND RECOMMENDATION- 5**

### A. Necessary Element

As to the "necessary" element, the accommodation sought must be "necessary to afford [the claimant] full enjoyment of the premises"…or "equal opportunity to use and enjoy a dwelling." 42 U.S.C. § 3604(f)(3)(A&B). The FHA's definition of prohibited discrimination encompasses "a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling." 42 U.S.C. § 3604(f)(3)(B). An accommodation is necessary if there is evidence "showing that the desired accommodation will affirmatively enhance a disabled plaintiff's quality of life by ameliorating the effects of the disability." *Dadian v. Vill. of Wilmette*, 269 F.3d 831, 838 (7th Cir. 2001) (internal citation and quotation marks omitted). "To prove that an accommodation is necessary, '[p]laintiffs must show that, but for the accommodation, they likely will be denied an equal opportunity to enjoy the housing of their choice.'" *Giebler v. M&B Assocs.*, 343 F.3d 1143, 1155 (9th Cir. 2003) (quoting *Smith & Lee Assocs. v. City of Taylor*, 102 F.3d 781, 795 (6th Cir. 1996)).

In this case, the Report concludes that the record contains evidence showing the Plaintiffs are handicapped such that they need to have cool, filtered air in a climate-controlled environment. (Dkt. 83 at 13.) The Report then goes on to distinguish between an accommodation for simply cool, filtered air and one more specifically for refrigerated air conditioning. (Dkt. 14.) After discussing the *Prindable* case, the Report concludes that "Plaintiffs' refrigerated air conditioning unit can only be a necessary accommodation under

the FHA if it is 'peculiarly suited to ameliorate the unique problems' presented by Plaintiffs' handicaps." (Dkt. 83 at 12-16.) In this regard, the Report considers the Plaintiffs' requested accommodation as not one for merely air conditioning but, instead, for refrigerated air conditioning. (Dkt. 83 at 16-17.) The Report finds there is nothing "in the record [that] establishes a prima facie showing that *refrigerated* air conditioning is uniquely situated – 'necessary' – to treat [the Plaintiffs'] handicaps." (Dkt. 83 at 17) (emphasis in original.) Thus, while the record may support a finding that cool and filtered air in an climate-controlled environment is a necessary accommodation, the Report concludes that Plaintiffs have not shown that their particular requested accommodation for refrigerated air conditioning is a necessary accommodation as a matter of law. (Dkt. 83 at 18-22.)

Having reviewed the Report, Plaintiffs' objections, and the record herein, this Court finds that, for purposes of this motion, the record supports a finding that Plaintiffs have demonstrated their disabilities necessitate an accommodation to provide clean, filtered air conditioning in their home so that they may equally and/or fully enjoy their premises. Whether that "need" can be met by non-refrigerated air conditioning or not is a question of fact that remains in this case. The nuances discussed in the Report distinguishing between the need for cool, filtered air versus refrigerated air conditioning relate to the Report's finding that a genuine issue of material fact exists in regards to the necessity of the requested accommodation.

Again, the necessity requirement of the *prima facie* case asks whether "the desired accommodation will affirmatively enhance a disabled plaintiff's quality of life by

**ORDER ON REPORT AND RECOMMENDATION- 7**

ameliorating the effects of the disability." *Dadian*, 269 F.3d at 838. The Report finds that the record supports a finding that Plaintiffs have shown the *prima facie* element of necessity at least in so far as their requested accommodation is for cool, filtered air. The Report, however, finds that the same cannot be said to the extent the requested accommodation is for refrigerated air conditioning; i.e., Plaintiffs have not shown evidence that refrigerated air conditioning is necessary to accommodate their particular disabilities as a matter of law. To that end, the Report denied Plaintiffs' Motion for Partial Summary Judgment. This Court agrees with and adopts that conclusion. That being said, this Court does not adopt and is not bound by any particular findings made by the Report concerning this element going forward.

B.  **Reasonable**

As to the reasonableness of the accommodation, the Report recommends denying Plaintiffs' Motion for Partial Summary Judgment because the Plaintiffs have offered no evidence that their as-installed refrigerated air conditioning unit is a reasonable accommodation as a matter of law. (Dkt. 83 at 22.) Having reviewed the record in this case *de novo*, this Court too finds that a question of fact exists as to the reasonableness element of the Plaintiffs' *prima facie* case which precludes summary judgment.

"The reasonable accommodation inquiry is highly fact-specific, requiring case-by-case determination." *DuBois v. Ass'n of Apartment Owners of 2987 Kalakaua*, 453 F.3d 1175, 1179 (9th Cir. 2006). (quoting *Cal. Mobile Home Park*, 107 F.3d at 1380). An accommodation is "reasonable" if it does not impose "undue financial and administrative burdens" or constitute a "fundamental alteration in the nature of [defendants'] program."

*Giebler*, 343 F.3d at 1157 (citation omitted).

Here, the Report finds that the air conditioning unit installed by Plaintiffs violates the CCRs and creates conditions which the CCRs were designed to prevent stating:

> Simply put, the record does not contain any persuasive reason to support a claim that a refrigerated air conditioning unit installed on the outside of Plaintiffs' condominium is a reasonable accommodation to address Plaintiffs' handicaps. The legitimate concerns over a need for cool, filtered air can be met by alternatives that do not raise even a genuine issue of fact as to whether they could possibly outweigh the legitimate interests served by the HOA's prohibition on such units. Whatever benefits flow to Plaintiffs in the installation of such a unit are outweighed by the costs to Defendants and others. As a result, no evidence exists that Plaintiffs' as-installed, outside refrigerated air conditioning unit is a reasonable accommodation as a matter of law.

(Dkt. 83 at 25-26.) This Court does not adopt the Report's discussion and/or findings regarding the reasonableness element in this regard. In particular, whether the benefits of the accommodation to Plaintiffs outweigh the costs to the Defendants. The weighing between the accommodation and costs to Defendants as well as the discussion concerning alternatives forms of accommodations are open questions in this case that are subject to dispute.[2] As such, the Court does not adopt the Report's discussion concerning those matters. All that this Court finds here is that summary judgment is precluded because questions of fact exist concerning the reasonableness of Plaintiffs' requested accommodation.

Having reviewed the record *de novo*, the Court finds that at this stage of the case, Plaintiffs have not met their initial burden to show the requested accommodation is

---

[2] This issue overlaps with the Plaintiffs' objections concerning the burden of proof and consideration of alternative forms of accommodations. Those issues are discussed in the next section of this Order.

**ORDER ON REPORT AND RECOMMENDATION- 9**

reasonable as a matter of law. To some extent this burden includes Plaintiffs demonstrating their accommodation is not an undue burden or fundamental alteration on the Defendants' program. Plaintiffs have not made this showing as a matter of law and, therefore, summary judgment is denied.

**2)     Availability of Alternative Remedies**

The Report discusses other types of air conditioning units that could provide cool filtered air conditioning to Plaintiffs' property, e.g., water-cooled and/or inside room-based air conditioners, which it infers could be reasonable accommodations. (Dkt. 83 at 29-30.) Plaintiffs argue the existence of alternative remedies is moot/irrelevant if those remedies were not available at the time of the request and/or if the requested accommodation is reasonable. (Dkt. 86 at 4.) Further Plaintiffs maintain the disabled individual is best equipped to know what accommodations will work for them. Plaintiffs contend the Report's recommendation as to the lack of reasonableness based on the existence of other remedies is incorrect. (Dkt. 86 at 5.) This objection goes to whether the Report's analysis improperly shifted the burden to Plaintiffs.

In Footnote eleven the Report discusses the burden of proof as to reasonableness likening it to the burden used under the Rehabilitation Act and the Americans with Disabilities Act. (Dkt. 83 at 23) (discussing *Giebeler*, 343 F.3d at 1156-58). This Court finds no error in the Report's statement of the applicable burden of proof. The Plaintiffs bear the initial burden of proving the elements of their FHA claim as to both reasonableness and necessity. As to reasonableness, Plaintiffs must show the existence of a reasonable

accommodation; i.e., that a reasonable accommodation was possible. Once that initial showing is made, the Defendants must show that the accommodation is unreasonable. *Oconomowoc Residential Programs v. City of Milwaukee*, 300 F.3d 775, 783-84 (7th Cir. 2002) (citing *Vinson v. Thomas*, 288 F.3d 1145, 1154 (9th Cir. 2002)) (other citations omitted). The Seventh Circuit described the burden of proof in FHA cases as follows:

> The employee must show that the accommodation is reasonable in the sense both of efficacious and of proportional to costs. Even if this prima facie showing is made, the employer has an opportunity to prove that upon more careful consideration the costs are excessive in relation either to the benefits of the accommodation or to the employer's financial survival or health.

*Id.* (citing *U.S. Airways, Inc. v. Barnett*, 535 U.S. 391 (2002)). The Report's statement of law is consistent with this Court's view of the applicable burdens in this case. That being said, this Court does not adopt the Report's discussion regarding the reasonableness element in so far as it appears to make findings regarding other forms of air conditioning that could adequately meet Plaintiffs' needs and/or weighs the interests of the respective parties.

This Court's own view of the record is that those matters turn on disputed facts. For instance, it is disputed whether alternative forms of air conditioning can provide the accommodation necessitated by Plaintiffs' disabilities. While Plaintiffs clearly prefer refrigerated air conditioning, the record is disputed as to whether another form of air conditioning would accommodate Plaintiffs' disabilities and if that other type of system was available at the time of the Plaintiffs' request. Likewise, the question of how the Defendants' interests weigh against the Plaintiffs' requested accommodation is disputed. There does not seem to be any dispute that the refrigerated air conditioning unit installed by Plaintiffs

**ORDER ON REPORT AND RECOMMENDATION- 11**

violates the CCR. Questions of fact remain, however, as to whether the interests behind the CCRs make the requested accommodation unreasonable. These findings cannot be made as a matter of law upon the record as it currently stands. For that reason, the Court denies Plaintiffs' Motion for Partial Summary Judgment. What each side can prove at trial concerning the reasonableness of the requested accommodation remains to be seen.

## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED** that the Report and Recommendation entered on February 11, 2015 (Dkt. 83) is **ADOPTED IN PART AND REJECTED IN PART** as stated herein.

**IT IS FURTHER ORDERED** that the Defendants' Motion for Summary Judgment, Plaintiffs' Motion for Partial Summary Judgment, and Plaintiffs' Motion to Dismiss and/or Strike Defendants' Counterclaim (Dkt. 54, 58, 60) are **DENIED**.

This matter remains set for **April 21, 2015 at 9:30 a.m.** in Boise, Idaho. The parties are directed to confer with one another regarding this trial setting and advise the Court on or before **April 6, 2015** as to whether they would like to pursue another round of mediation/alternative dispute resolution or whether they intend to proceed to trial.

DATED: **March 24, 2015**

Honorable Edward J. Lodge
U. S. District Judge

**ORDER ON REPORT AND RECOMMENDATION- 12**